IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SABAL TRAIL TRANSMISSION, LLC, *

    Plaintiff, *

                               CASE NO.

vs. * 4:16-cv-122 (Thomas E. Callis
                               and William G. Callis, III)

REAL ESTATE *et al.*, *

    Defendants. *

## O R D E R

Presently pending before the Court is Plaintiff Sabal Trail Transmission, LLC's summary judgment motion on the issue of just compensation in this condemnation action. As discussed below, the Court grants Sabal Trail's motion (ECF No. 27) and finds that $14,564.00 is just compensation for the easements.

**I. Background**

Plaintiff Sabal Trail Transmission, LLC received authorization from the Federal Energy Regulatory Commission to build an interstate natural gas pipeline. Sabal Trail brought this condemnation action under the Natural Gas Act, 15 U.S.C. §§ 717-717z, seeking permanent and temporary easements over one tract of land in Terrell County, Georgia. According to Sabal Trail, the property is owned by Thomas E. Callis and William G. Callis, III but may be subject to state and county tax liens. Sabal Trail named as Defendants in this action the Callises, the Georgia Department of Revenue, and Terrell County—

all of whom are "known to have or claim an interest in the Property from which easements and associated rights are sought to be condemned." Compl. ¶ 5, ECF No. 1. Each Defendant was served personally with notice of this action in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(A).

On June 10, 2016, the Court concluded that Sabal Trail was entitled to possession of the easements it sought once it posted a security bond. *Sabal Trail Transmission, LLC v. Estate*, No. 4:16-cv-122, 2016 WL 3248367, at *10, *17 (M.D. Ga. June 10, 2016), amended, No. 4:16-cv-122, 2016 WL 3251577 (M.D. Ga. June 10, 2016). Sabal Trail posted the security bond on July 1, 2016. Pl.'s Notice of Posting Security Bonds, July 1, 2016, ECF No. 21. The only remaining issue is just compensation.

**II. Discussion**

Just compensation means "the fair market value of the property on the date of the taking." *United States ex rel.TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (citing *United States v. Miller*, 317 U.S. 369, 373–74 (1943)). In a partial takings case like this one, just compensation "is the difference in fair market value of the whole tract before and after the taking." *Id.* (quoting *United States ex rel. TVA v. Easements and Rights-of-Way over 6 Acres of Land*, 117 F. App'x 422, 423 (6th Cir. 2004)); *accord United States v. 33.92356 Acres Of Land*, 585 F.3d 1, 9 (1st Cir. 2009)

(collecting cases); *United States v. 68.94 Acres of Land, More or Less, Situate in Kent Cty., State of Del.*, 918 F.2d 389, 393 (3d Cir. 1990). Generally, "market or comparable sales data . . . is the best evidence of market value." *1.72 Acres of Land in Tenn.*, 821 F.3d at 757.

Sabal Trail argues that just compensation for the easements in this case is $14,564.00. Pl.'s Mot. for Summ. J. 1, ECF No. 27-1. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this condemnation case, Defendants have the "burden to prove, by a preponderance of the evidence, what amount constitutes just compensation." *1.72 Acres of Land in Tennessee*, 821 F.3d at 756. Defendants were entitled to "present evidence on the amount of compensation to be paid." Fed. R. Civ. P. 71.1(e)(3). None of the Defendants responded to Sabal Trail's summary judgment motion or presented any evidence on what amount constitutes just compensation for the easements.

Sabal Trail did present evidence on the issue of just compensation: the expert report of Mike Everett, a certified real property appraiser. Everett Report, ECF No. 29 at 5-84. Everett conducted an appraisal of the property and concluded that the "before" value of the parcel as of July 1, 2016 was $594,300 and the "after" value, taking into account the

temporary and permanent easements and a permanent access road, was $579,736. *Id.* at 8. Therefore, according to Everett, just compensation for the easements in this case is $14,564.00. *Id.* Again, Defendants did not present any evidence on the issue of just compensation. Based on the evidence before it, the Court concludes that $14,564.00 is just compensation for the easements in this case.

**III. Payment of Compensation by Sabal Trail and Claimant's Application for Obtaining Disbursement**

Within twenty-eight days of the date of this Order, Sabal Trail shall pay into the registry of the Court $14,564.00 plus prejudgment interest from the date of the taking (July 1, 2016), which shall be calculated at a legal rate of interest of seven percent per annum simple interest. Once this amount is paid into the registry of the Court, the security bond previously posted by Sabal Trail shall be released.

Defendants may apply to the Court for distribution of the award in accordance with their respective ownership interests. Defendants may apply for a distribution of the award by sending an application to the Clerk of Court, P.O. Box 124, Columbus GA 31902. The Clerk shall docket each application electronically. The application should include:

- ♦ The applicant's name, address, and email address (if any).
- ♦ The applicant's claimed interest in the property and the basis for that claim.

4

♦ Proof of the applicant's interest in the property.

Applications must be postmarked by **December 1, 2017**. Any questions regarding the application process should be directed to the Clerk's office via telephone (706-649-7816) or email ([columbus.ecf@gamd.uscourts.gov](columbus.ecf@gamd.uscourts.gov)). If multiple applications are received, the Court will schedule a hearing to determine how the proceeds should be distributed.

**IV.   Providing Notice to Defendants**

None of the Defendants have registered for electronic filing through the Court's electronic filing system and thus will not receive electronic notice of this Order automatically. The Clerk shall serve a copy of this Order via U.S. mail on each of the Defendants listed in Appendix A to this Order; according to Sabal Trail, those are the correct addresses for the Defendants.

**V.   Legal Title to Easements**

After Sabal Trail pays into the registry of the Court the amount stated above, Sabal Trail shall submit to the Court a proposed final order vesting Sabal Trail with legal title to the permanent and temporary easements.

IT IS SO ORDERED, this 21st day of August, 2017.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA

<u>APPENDIX A</u>

The Clerk shall serve a copy of this Order via U.S. mail on each of the following Defendants:

Thomas E. Callis
321 Harmony Trail
Deridder, LA 70634

William G. Callis, III
321 Harmony Trail
Deridder, LA 70634

Georgia Department of Revenue
c/o Lynette T. Riley
State Revenue Commissioner
1800 Century Boulevard
Atlanta, GA 30345

Terrell County Board of Commissioners
c/o Wilbur T. Gamble, III, Chairman
955 Forrester Drive, SE
Dawson, GA 39842